# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

TRADVIS DEMARR WILLIAMS,

    *Petitioner*

v.

UNITED STATES OF AMERICA,

    *Respondent.*

_____/

CRIM. CASE NO: 1:13-cr-20704
CIVIL CASE NO: 1:16-12987
DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PETITIONER'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE and LIFTING STAY
(Doc. 177, 184)

## I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the **stay** entered in the case **be lifted** (Doc. 184) and that Petitioner's motion to vacate (Doc. 177) be **DENIED.**

## II. REPORT

On September 10, 2013, Petitioner was charged in a criminal complaint with conspiracy to distribute heroin and cocaine in violation of 21 U.S.C. § 846 and 841(a)(1). (Doc. 1.) Petitioner was detained pending trial. (Doc. 12.) On September 25, 2013, Petitioner was indicted and charged with conspiracy to possess with intent to distribute and to distribute cocaine base, cocaine, and heroin in violation of 21 U.S.C. § 846 and 841(a)(1)(Count 1), three individual counts of possession with intent to distribute cocaine and heroin in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(Counts 2-4) and use of a communication facility in facilitation the commission of a felony under the controlled substance act in violation of 21 U.S.C. § 843(b)(Count 7). A Superseding Indictment was filed on April 9, 2014, which changed the amounts involved in the

conspiracy but the charges against Petitioner did not change. (Doc. 68.) On April 17, 2014, Petitioner pleaded guilty to Count 2 of the superseding indictment. (Doc. 75.) Petitioner was sentenced on August 27, 2014 and judgment entered on September 3, 2014, committing Petitioner to the Bureau of Prisons for 270 months, to run concurrent with a state sentence imposed by the 57th Circuit Court in Petoskey, Michigan. (Doc. 104 at ID 845.) On August 16, 2016, Petitioner filed the instant motion to vacate sentence. (Doc. 177.) On November 23, 2016, the case was stayed pending the United States Supreme Court's decision in *Beckles*.

Petitioner's sole assertion in his §2255 motion to vacate his sentence is that he was improperly sentenced as a career offender under the sentencing guidelines based, in part, on a conviction for carjacking. Petitioner's claim rests entirely on the United States Supreme Court holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's (ACCA's) residual clause, i.e., the clause that defines a "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another" is unconstitutionally vague and violates due process. 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court has further held that *Johnson* has retroactive effect in cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016); *accord*, *In Re Watkins*, 810 F.3d 375, (6th Cir. 2015).

The Sixth Circuit held that since the United States Sentencing Guidelines (USSG) § 4B1.2 also contains a residual clause that is identical in wording to the residual clause in the ACCA, the *Johnson* rationale applies equally to the sentencing guidelines residual clause defining a crime of violence. USSG § 4B1.2(a); *United States v. Pawlak*, No. 15-3566, 2016 WL 2802723, at *8 (6th Cir. Mar. 13, 2016). However, the United States Supreme Court in *Beckles v. United States*, 137

S. Ct. 886 (Mar. 6, 2017), abrogated *Pawlak* and held that the sentencing guidelines are not subject to a void-for-vagueness challenge. Therefore, the residual clause of the career offender sentencing guidelines remains viable and any claims challenging the career offender guideline, including Petitioner's argument that carjacking is not a violent felony under the guideline, must fail.

Thus, there is no Sixth Circuit or United States Supreme Court precedent showing that Petitioner is entitled to any relief from his sentence.

For all the reasons stated above, I recommend that Petitioner's motion to vacate be denied.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not

later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: May 18, 2017            S/ PATRICIA T. MORRIS
                              Patricia T. Morris
                              United States Magistrate Judge


## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Tradvis Demarr Williams #48987-039 at Sandstone Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 1000, Sandstone, MN 55072.

Date: May 18, 2017            By s/Kristen Castaneda
                              Case Manager